UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER JAMES ROLLINGER,**

    **Plaintiff,**

v.                                                      Case No: 6:23-cv-868-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying an application for supplemental security income (SSI). In a decision dated October 5, 2022, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from August 9, 2020, through the date of the decision (20 CFR 404.1520(f)). R. 16; R. 32.

Having considered the parties' briefing and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**    **Issues on Appeal**

Claimant raises two issues on appeal: (1) whether the ALJ provided adequate analysis of the supportability and consistency factors when evaluating the persuasiveness of Dr. Scot M. Kaplan's medical source opinion (Doc. 19 at 15-22); and (2) whether the ALJ provided adequate analysis of the supportability and consistency factors when evaluating the persuasiveness of Dr. Ryan Barnett's medical source opinion (Doc. 19 at 22-25).

## II. Legal Standard

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Claimant filed the claim after March 27, 2017, so the revised regulations apply in this action.

The revised regulations require that an ALJ apply the same factors in the consideration of the opinions from all medical sources, rather than afford specific evidentiary weight to certain sources' opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ will assess the persuasiveness of a medical source's opinion in light of five factors: 1) supportability; 2) consistency; 3) relationship with the claimant;[1] 4) specialization and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c).

---

[1] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).  In assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these factors on a source-by-source basis—the regulations themselves do not require the ALJ to explain the consideration of each opinion from the same source. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).  The regulations state:

> [W]hen a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from the medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate.  We are not required to articulate how we considered each medical opinion or prior administrative finding from one medical source individually.

20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1).

Courts have found that "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, 2019 WL 3412616, at *4 (E.D. Mo. July 29, 2019)).

### III.   Discussion

Claimant contends that the ALJ failed to adequately address the supportability and consistency factors in discussing the opinions of Dr. Kaplan and Dr. Barnett.  Doc. 19 at 16-25; Doc. 23 at 4-9.  "Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v.*

- 3 -

*Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021). "Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records, and (2) consistent with the other evidence of record." *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 3362863, at *7 (M.D. Fla. July 28, 2022), *report and recommendation adopted*, 2022 WL 337665 (M.D. Fla. Aug. 15, 2022) (citing Cook *v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at*3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)).

The Court will first address Claimant's arguments concerning Dr. Kaplan's opinion, then turn to Claimant's arguments concerning Dr. Barnett's opinion.

### A. The ALJ's discussion of Dr. Kaplan's opinion

To begin, Claimant contends that the ALJ did not adequately explain how she considered the supportability factors when evaluating Dr. Kaplans' opinion. Doc. 19 at 16-20. The Court disagrees. On December 31, 2020, Claimant was referred to Dr. Kaplan for a general personality evaluation. R. 528-29. Dr. Kaplan summarized the evaluation, stating:

> Based on the present test results, [Claimant] is experiencing clinically significant level of psychopathology at the present time. His current symptomatology is consistent with a diagnosis of bipolar I disorder, with mixed features, moderate and a panic disorder. He meets the criteria under listing of impairments for Section 12.04, depressive, bipolar and related disorder and Section 12.06, anxiety, and obsessive-compulsive disorders. Based on the present findings, he is likely to experience mild impairment understanding one and two step tasks, moderate to marked impairments understanding complex tasks, and marked impairment getting along in social settings and adapting. He does not appear capable of gainful activity and will experience significant deterioration in a work setting due to his mental health condition. He will have difficulty relating to coworkers, dealing with the public, using judgment, interacting with supervisors, dealing with work stress, functioning independently, and maintaining attention and concentration. He will not behave in an emotionally stable manner nor will he relate predictably in social situations. Consequently, he is unable to demonstrate reliability. [Claimant's]

> prognosis is guarded. Psychotropic medication and individual psychotherapy are both strongly recommended.

R. 529.

The ALJ found Dr. Kaplan's opinion to be unpersuasive and provided the following explanation:

> The undersigned finds that the opinion by Dr. Kaplan is not fully persuasive. First, Dr. Kaplan has not treated the claimant and only examined the claimant to extend this report and provide his opinion. Only Dr. Kaplan diagnosed Bipolar I, a condition the claimant has not received treatment for. Further, his own mental status examination of the claimant was generally unremarkable and not consistent with his opinion. Moreover, despite complaints of isolation and panic attacks other mental status examinations of the claimant noted throughout the record were also generally unremarkable. Consequently, the undersigned finds that his opinion that the claimant's mental impairments met listings 12.04 and 12.06 is not persuasive. Nevertheless, the undersigned finds that his opinion with regard to only mild impairment understanding one and two step tasks is generally persuasive and the record shows that with this degree of limitation the claimant would be able to perform jobs available in the national economy.

R. 25.

Claimant argues that the ALJ did not provide an adequate explanation as to supportability as it relates to Dr. Kaplan's opinion. Doc. 19 at 16-20; Doc. 23 at 4-5. However, the ALJ clearly articulated that Dr. Kaplan's opinion was not supported by his own "generally unremarkable" mental status examination. R. 25. Dr. Kaplan's opinion provides that Claimant was "oriented to person, place, time and situation . . . [h]is speech processes were clear and logical . . . [and] [h]is thought processes were logical, sequential, and organized." R. 528. The ALJ properly considered the mental status examination as part of her decision-making process. *See* 20 C.F.R. §§ 404.1513(a)(1), 416.913(a)(1). Whether or not it might be possible to provide a different

interpretation of the evidence presented is immaterial under a substantial evidence standard.[2] *See* 42 U.S.C. § 405(g) ("The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive[.]"); *Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."); *see also Davis v. Comm'r of Soc. Sec.*, 2011 WL 5826553, at *13 (M.D. Fla. Nov. 18, 2011) (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence). Likewise, the ALJ detailed at length the information contained in Dr. Kaplan's December 31, 2020 evaluation report. R. 24-25. The Court was able to read the decision as a whole and determine that the ALJ's consistency determination was adequate. *See Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 (11th Cir. 2024) ("Though the ALJ did not repeat [her] discussion of those records in the same paragraph, [s]he thoroughly discussed these records in the immediately preceding paragraphs where [s]he determined that the records supported a sedentary RFC. Short of re-summarizing or adding an internal citation to those paragraphs, it is hard to imagine how the ALJ could have been clearer."); *see also Davis v. Comm'r of Soc. Sec.*, 2011 WL 5826553, at *1, 13 (M.D Fla. Nov. 18, 2011) (noting that the district court's review is limited to considering whether the ALJ's decision as a whole is supported by substantial evidence). Accordingly, the Court finds that the ALJ properly considered the supportability factor as to Dr.

---

[2] Claimant argues that Dr. Kaplan's examination report also noted that "[Claimant's] mood and affect <u>appeared depressed and anxious</u>[,]" and that, "[Claimant's] concentration and memory functioning were <u>variable at best</u>." Doc. 19 at 19 (emphasis in original). However, to the extent the Court may find these opinions persuasive—which the Court takes no position on—the Court may not "substitute our judgment for that of the [Commissioner]." *Winschel*, 631 F.3d at 1178.

Kaplan's opinion and that substantial evidence supports the ALJ's decision to find Dr. Kaplan's opinion unpersuasive.[3]

Turning to consistency, Claimant contends that the ALJ failed to properly discuss the consistency factor in evaluating the persuasiveness of Dr. Kaplan's opinion. Doc. 19 at 17-22. Claimant specifically takes issue with the fact that the ALJ "does not provide a single citation to the record" when addressing the consistency factor. *Id.* at 20. Likewise, Claimant challenges the ALJ's determination to discount Dr. Kaplan's opinion because Dr. Kaplan only examined Claimant once. *Id.*; R. 25; R. 28.

Claimant's argument essentially invites the Court to accept the evidence he found elsewhere in the record, reject the evidence the ALJ relied upon, and reach a different conclusion regarding the persuasiveness of Dr. Kaplan's opinion. *See Mercer v. Comm'r of Soc. Sec.*, 2024 WL 1597706, at *5 (M.D. Fla. Apr. 12, 2024). "While Claimant may not agree with the ALJ's decision, a court cannot reweigh the evidence." *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)).

In any event, the Court finds that the ALJ adequately articulated how she considered Dr. Kaplan's opinion. The ALJ stated that mental status examinations of Claimant noted throughout the record "were also generally unremarkable." R. 28. Earlier in the decision, the ALJ also noted that "the mental status examinations were generally unremarkable." R. 18. Additionally, the ALJ also explained that Dr. Kaplan's specification of bipolar disorder was not consistent with the

---

[3] Additionally, the Commissioner correctly points out that statements about whether a claimant meets or equals a listing are neither valuable nor persuasive to the issue of whether a claimant is disabled and an ALJ need not provide any analysis of how she considered such evidence in her decision. *See Flores v. Kijakazi*, 2023 WL 6782270, at *12 (M.D. Fla. Aug. 14, 2023); 20 C.F.R. §§ 404.1520b(c)(3)(iv), 416.920b(c)(3)(iv). Thus, to the extent Dr. Kaplan's opinion stated that Claimant met certain listings, that issue is reserved for the Commissioner and the ALJ was not obligated to consider such evidence.

diagnoses of Claimant's current medical providers, and not consistent with the treatment Claimant received. R. 25; R. 28. Although the ALJ does not repeat her review of other examinations found throughout the record in the same paragraph where her persuasiveness determination is found, the ALJ thoroughly discusses the record on those issues throughout the decision. *See* R. 26-27; R. 29. Likewise, the ALJ's decision to afford less weight to Dr. Kaplan's opinion because Dr. Kaplan only examined Claimant once was not reversible error. *See Lugo v. Comm'r of Soc. Sec.*, 2023 WL 2910381, at *4 (M.D. Fla. Apr. 12, 2023) ("Even though the ALJ concluded that other consultative examiners' opinions were more persuasive, it was not improper for the ALJ to note that [the doctor] only examined Plaintiff once."). The ALJ found Dr. Kaplan's opinion unsupported by his own examination and inconsistent with other record evidence—this complies with the new regulations. *See* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Based on the foregoing, the Court finds that the ALJ adequately addressed the consistency factor as it relates to Dr. Kaplan's opinion. The Court was able to read the decision as a whole and determine that the ALJ's consistency determination was adequate. *See Raper*, 89 F.4th at 1276; *see also Davis*, 2011 WL 5826553, at *1, 13. The ALJ was therefore not required to provide specific citations to the record when addressing the consistency factor—the Court is able to evaluate the ALJ's opinion based upon a review of the decision as a whole.

Accordingly, the Court finds that the ALJ adequately addressed the supportability and consistency factors when finding Dr. Kaplan's opinion unpersuasive.

**B. The ALJ's discussion of Dr. Barnett's opinion**

Claimant contends that the ALJ failed to address the supportability factor when finding Dr. Barnett's opinion unpersuasive. Doc. 19 at 22-23. Claimant specifically calls into question the ALJ's determination that Dr. Barnett's opinion was "primarily based on the claimant's subjective

complaints and reports and not on his own objective mental status examinations." *Id.* at 22 (citing R. 29). In response, the Commissioner argues that the ALJ expressly considered Dr. Barnett's statement, as well as his own record, and found the opinion unpersuasive. Doc. 20 at 14.

In finding Dr. Barnett's opinion unpersuasive, the ALJ stated:

> The undersigned finds that the opinion by the claimant's psychologist, Ryan Barnett, Psy.D., is not persuasive because it appears primarily based on the claimant's subjective complaints and reports and not on his own objective mental status examinations of the claimant (Ex 7F). Further, it is not consistent with the mental status examinations by other sources, including the mental status examinations by the psychiatric nurse practitioner and the primary healthcare nurse practitioner, or even the mental status examinations by Drs. Kaplan and Sullivan. Overall, these mental status examinations have been generally unremarkable. Further, the claimant has reported doing well on medication and feeling less anxiety when his medications take effect. While the undersigned does find that the claimant has some mental related work function limitations and has made provisions for these in the residual functional capacity set forth in section five above, the record simply does not support the level of limitation opined by Dr. Barnett.

R. 29.

The ALJ permissibly discounted Dr. Barnett's opinion based on the ALJ's determination that Dr. Barnett's opinion was based primarily on Claimant's subjective complaints, and not Dr. Barnett's own objective mental status examinations. *See Nardelli v. Comm'r of Soc. Sec.*, 2024 WL 565383, at *5 (11th Cir. Feb. 13, 2024) ("[B]ut that opinion was apparently based entirely on Nardelli's subjective reports. So the ALJ was entitled to consider that statement in context and weigh it accordingly."); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (finding that substantial evidence supported the ALJ's decision to discount a physician's opinion because it was "inconsistent with his own treatment notes, unsupported by the medical evidence, and appear[ed] to be based primarily on [the claimant's] subjective complaints of pain."). Here, the ALJ considered the supportability factor and found that Dr. Barnett's opinion, while largely based on Claimant's subjective reports, was not supported by Dr. Barnett's own objective mental status examinations.

To the extent Claimant is challenging the ALJ's characterization and treatment of the record regarding Claimant's subjective complaints, Claimant is not entitled to relief. The ALJ properly considered Claimant's testimony and reports regarding Claimant's abilities and daily activities throughout the decision. R. 23-24; R. 27-28. Specifically, the ALJ considered Claimant's subjective reports and testimony and made provisions for mental work-related limitations within her decision. R. 28. Likewise, the ALJ considered the mental status examinations performed by Dr. Barnett, as well as Dr. Barnett's records and his January 18, 2022 statement. R. 18; R.25; R. 28. In sum, the Court finds that the ALJ did not substitute her own opinion of Claimant's condition for that of a medical expert and properly evaluated Dr. Barnett's opinion in comparison to the record on Claimant's subjective complaints and daily living.

As for the consistency factor, Claimant argues that the ALJ "fails to provide specific citations to the record and generally provides inadequate analysis of the consistency factor by misstating the record." Doc. 19 at 23. The Court disagrees. The ALJ considered the mental status examinations of other doctors, including Dr. Kaplan and Dr. Sullivan. R. 26; R. 29. In addition, the ALJ considered the treatment notes from nurse practitioner Jessica Matos. R. 18; R. 26. The ALJ compared these findings with the opinion of Dr. Barnett and found that Dr. Barnett's opinion was inconsistent with the record as a whole. R. 29. Essentially, Claimant is once again asking the Court to reweigh the evidence, reject the evidence the ALJ relied upon, and reach a different conclusion regarding the persuasiveness of Dr. Barnett's opinion. *See Mercer*, 2024 WL 1597706, at *5. "While Claimant may not agree with the ALJ's decision, a court cannot reweigh the evidence." *Id.* (citing *Phillips*, 357 F.3d at 1240 n. 8).

Based on the foregoing, the Court finds that the ALJ adequately addressed the consistency factor as it relates to Dr. Barnett's opinion. The ALJ was not required to use any "magic words"

when discussing the consistency factor, nor was she required to cite to specific portions of the record in discussing her determination. *See Lebron v. Comm'r of Soc. Sec.*, 2022 WL 8211457, at *6 (M.D. Fla. Aug. 8, 2022); *see also Raper*, 89 F.4th at 1276 ("Short of re-summarizing or adding an internal citation to those paragraphs, it is hard to imagine how the ALJ could have been clearer."). The Court was able to read the decision as a whole and decide that the ALJ's consistency determination was adequate. *See id.*[4]

### IV. Conclusion

In sum, the Court finds that Claimant is not entitled to relief. While Claimant tries to frame the assignments of error around the ALJ's consideration of the supportability and consistency factors, Claimant largely invites the Court to reweigh the evidence. The ALJ properly evaluated the persuasiveness of the physicians' opinions, and the Court rejects any request to reweigh the evidence. *See Winschel*, 631 F.3d at 1178. Whether Claimant's arguments are read separately or in conjunction with one another, the Court finds that substantial evidence supports the ALJ's decision.

For the foregoing reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

---

[4] In Claimant's Reply, Claimant argues, for the first time, that "the ALJ's RFC assessment [] fails to include any meaningful limitations." Doc. 22 at 1. Likewise, Claimant argues that "[t]he ALJ erred in not including in the RFC restrictions on understanding, remembering and carrying out complex instructions." *Id.* at 2. "[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). "[W]e will not address arguments made for the first time in a reply brief." *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 913 (11th Cir. 2015) (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014)). Accordingly, because Claimant does not challenge the ALJ's RFC determination in the initial brief (in fact, Claimant only references the RFC twice, neither time challenging its supposed lack of "meaningful limitations"), the Court will not consider this argument raised for the first time in the Reply.

2. The Clerk is directed to enter judgment for the Commissioner, terminate any pending motions, and close the case.

**ORDERED** in Orlando, Florida on May 31, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE